IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAY RAGAN                                                                                                     PLAINTIFF

v.                                        Case No. 4:16-cv-4097

CLIFTON STAFFORD                                                              DEFENDANT

**<u>ORDER</u>**

Before the Court is Plaintiff Jay Ragan's Motion for Sanctions and Motion in Limine Regarding the Offering of Evidence of Repairs.[1] (ECF No. 22). Defendant Clifton Stafford filed a response. (ECF No. 28). Plaintiff filed a reply. (ECF No. 29). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On the morning of April 22, 2016, Plaintiff's vehicle struck a black cow in the roadway on Arkansas Highway 24, between DeQueen, Arkansas, and Horatio, Arkansas. It is undisputed that the cow belonged to Defendant and was pastured and fenced with other cattle on Defendant's nearby land. The cow escaped the pasture after breaking the top strand of a barbed-wire fence and pushing over a four-foot section of the fence. Following the accident, Plaintiff traveled by ambulance to the DeQueen Regional Medical Center. Soon after, Defendant repaired the broken section of fence by fixing and tightening the broken barbed-wire strand, putting in two new posts, and pulling up the rest of the knocked-over section of fence.

On October 14, 2016, Plaintiff filed this lawsuit, alleging that he suffered personal injury and damages as a result of, *inter alia*, Defendant's negligent failure to have, maintain, inspect, and

---

[1] Plaintiff filed the two motions together as one document. The Court will consider both motions in this Order, but the parties are advised that the Court prefers separate motions to be filed separately on the docket.

repair safe fencing in order to keep his cattle enclosed and off the nearby state highway. On October 25, 2016, Defendant filed an answer to the complaint. In November 2016, Defendant used a backhoe to remove the entire fence around his land and replaced it with a new fence. Defendant discarded the original, removed fence.

On February 22, 2017, the parties filed their joint Rule 26(f) report, which contained no reference to Defendant removing the original fence.[2] On July 6, 2017, Defendant answered certain interrogatories inquiring about repairs and replacements to the fence by stating that he decided to replace the fence because it was "older." (ECF No. 21-3). On July 19, 2017, Defendant testified in his deposition that he took the old fence down and built a new fence on his land.

On August 9, 2017, Defendant filed a motion for summary judgment, arguing that the Court should grant summary judgment in his favor because Plaintiff has not presented any evidence that Defendant breached any duty of care with respect to the kind and quality of fence enclosing Defendant's property. On August 23, 2017, Plaintiff filed the instant motion.

## II. DISCUSSION

Plaintiff's motion for sanctions argues that Defendant committed spoliation of evidence by intentionally removing and replacing the fence at issue in this case, and by failing to keep or otherwise preserve the original fence. Accordingly, Plaintiff asks the Court to enter spoliation sanctions against Defendant. In his motion in limine, Plaintiff asks the Court to allow him to present evidence at trial regarding Defendant's immediate post-accident repairs to the fence and his subsequent total removal and replacement of the fence. The Court will address each of Plaintiff's motions in turn.

---

[2] Plaintiff states that Defendant did not tell him during the parties' joint Rule 26(f) conference that Defendant completely removed and replaced the fence-at-controversy.

**A. Motion for Sanctions**

Plaintiff argues that Defendant committed spoliation of material evidence by intentionally removing and replacing the fence surrounding his land, and by failing to keep or otherwise preserve the original fence. Plaintiff states that the fence around Defendant's pasture was a key piece of evidence in this case because his negligence claim is based largely on Defendant's failure to have, maintain, and repair a sufficient enclosure for his livestock. Plaintiff states further that, because the fence removal occurred before the parties conducted any discovery, Plaintiff is now prejudiced because he cannot inspect and evaluate the fence, obtain expert opinions regarding the fence's condition at the time of the accident, or cross-examine Defendant about the fence. Accordingly, Plaintiff asks the Court to enter various spoliation sanctions against Defendant.

Defendant argues in response that Plaintiff was not prejudiced by the removal of the fence because he has certain photographs of the fencing along the highway. Defendant also argues that Plaintiff had an adequate opportunity to inspect the fence and preserve it as evidence between the time of the accident and the disposal of the fence, and that Plaintiff regularly drove along the highway before and after the accident and could see the fence. Defendant argues further that the Court should deny the instant motion because nothing suggests that he removed and replaced the fence due to a "desire to suppress the truth."

"District courts have the inherent power to fashion an appropriate sanction for conduct which abuses the judicial process." *Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) (internal quotation marks omitted). Spoliation of evidence can constitute such an abuse. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993). Spoliation is "the intentional destruction of evidence and when it is established, [the] fact finder may draw inference that [the] evidence destroyed was unfavorable to [the] party responsible for its spoliation." *E*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 587 (D. Minn. 2005) (quoting *Black's Law Dictionary*

1401 (6th ed. 1990)) (alterations in original). Courts apply federal law to determine whether to impose sanctions for spoliation of evidence. *Sherman v. Rinchem Co.*, 687 F.3d 996, 1006 (8th Cir. 2012). The imposition of discovery sanctions is a decision committed to the Court's discretion, but the scope of that discretion narrows as the severity of the sanction increases. *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014).

"For an adverse inference instruction for spoliation to be warranted, a district court is required to make two findings: (1) there must be a finding of intentional destruction indicating a desire to suppress the truth, and (2) there must be a finding of prejudice to the opposing party." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 463 (8th Cir. 2016). The party seeking the sanction bears the burden of showing the requisite intent and prejudice. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 811 (8th Cir. 2005) (internal quotation marks omitted). The Court will now separately address the issues of intent and prejudice, and if the Court finds that both requisites have been met, the Court will then determine the appropriate sanction.

### 1. Intent

Plaintiff argues that Defendant intentionally destroyed and replaced the fence due to his desire to "suppress the truth." Plaintiff states that Defendant removed and disposed of the fence after Plaintiff filed this lawsuit. Plaintiff points the Court to the language of his complaint, which asserts in part that that Defendant's negligence in having, inspecting, and repairing the fence was the proximate cause of Plaintiff's injuries. Plaintiff argues that this language put Defendant on notice of the fence's relevance and importance in this lawsuit, and that Defendant tore down and discarded the fence shortly after receiving the complaint and filing his answer.

Defendant argues in response that there is no hint of deception on his part. Defendant argues further that there is no "suggestion based in fact showing any 'desire to suppress the truth.'" (ECF No. 28).

As discussed above, Plaintiff bears the burden of showing that Defendant committed intentional destruction of evidence indicating a desire to suppress the truth. *Lincoln Composites, Inc.*, 825 F.3d at 463. "Intent is rarely proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (internal quotation marks omitted).

There is no direct evidence of whether Defendant intended to "suppress the truth" when he removed and discarded the fence. As a result, the Court must look to other factors to determine intent. Upon review, the record suggests that Defendant acted in bad faith by intentionally destroying evidence after he knew or should have known that the evidence was relevant[3] to future or current litigation. Plaintiff's collision with the cow occurred on April 22, 2016. Plaintiff filed this lawsuit on October 14, 2016, and Defendant filed his answer on October 25, 2016. Defendant removed and replaced the fence sometime in November 2016, shortly after filing his answer. Defendant did not attempt to replace his fence during the nearly six months that passed between the accident and the filing of this action. Instead, he only did so shortly after being served with Plaintiff's complaint, which set out a cause of action related to Defendant's alleged breach of his duty to have and properly maintain adequate fencing for his cattle. Defendant does not explain why he removed the fence, other than his statement that the fence was "older."

Defendant had the duty to preserve the fence because he had been put on notice by the complaint that the fence was at issue in Plaintiff's current lawsuit. *See E*Trade Sec. LLC*, 230 F.R.D. at 588 ("The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation."). However, he did not do so,

---

[3] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

5

instead removing and disposing of the fence without first contacting Plaintiff's counsel to communicate his intention to do so, or to give Plaintiff an opportunity to inspect the fence beforehand.[4] Moreover, Defendant did not keep the section of the fence at issue for use as evidence in this matter. The parties had not conducted any discovery at the time Defendant removed and disposed of the fence. Defendant's removal and disposal of the fence shortly after the commencement of litigation creates a sufficiently strong inference of intent. Thus, upon review of the record and the circumstances of this case, the Court finds that Plaintiff has demonstrated that Defendant intentionally destroyed relevant evidence in furtherance of a "desire to suppress the truth."

### 2. Prejudice

Plaintiff argues that he has been prejudiced by Defendant's removal and disposal of the fence. Plaintiff states that the parties had not conducted any discovery at the time the fence was removed, and as a result of its removal and disposal, Plaintiff now cannot inspect and evaluate the fence, obtain expert opinions regarding the fence's condition at the time of the accident, or cross-examine Defendant regarding the fence. As a result, Plaintiff concludes that he has been prejudiced by the fence's removal.

Defendant argues in response that his removal of the fence did not prejudice Plaintiff. Defendant argues that Plaintiff had adequate opportunity to inspect the fence and preserve evidence after the accident because the fence is along a public highway and borders the highway right-of-way. Defendant states that Plaintiff regularly drove along the highway and could see the fence, and that he had "free access" to the fence. Defendant argues further that he gave Plaintiff photographs of the fencing along the highway that were taken on the day of the accident.

---

[4] As far as the record shows, Defendant's July 6, 2017 answers to interrogatories is the first time Defendant indicated to Plaintiff that the fence had been removed and replaced.

Defendant argues that these photographs are the "best evidence," as they were made nearly contemporaneously with the events that are the subject of this lawsuit.[5]

As discussed above, Plaintiff bears the burden of showing that he was prejudiced by Defendant's destruction of evidence. *Lincoln Composites, Inc.*, 825 F.3d at 463. Prejudice can be shown "by the nature of the evidence destroyed." *Stevenson v. Union Pacific R.R.*, 354 F.3d 739, 748 (8th Cir. 2004).

Defendant does not appear to argue that the fence was irrelevant, and the Court finds that it was relevant evidence. Plaintiff's negligence claim against Defendant is largely based on the fence, alleging in part that Defendant breached his duty of care to have, maintain, and repair an adequate enclosure for his livestock in order to protect the public. The kind and quality of fence Defendant used at the time of the accident, and whether it was consistent with what a reasonably prudent person would use in the same or similar circumstances, is certainly relevant to this matter. Accordingly, the Court finds that the fence was relevant evidence.

The Court is not persuaded by Defendant's argument that Plaintiff was not prejudiced because he could have returned to the scene and inspected the fence at some time after the accident and before removal of the fence. Defendant cites no authority supporting his assertion that his removal and disposal of the fence after the commencement of litigation is excusable because Plaintiff failed to conduct a pre-lawsuit investigation of the fence for purposes of preserving evidence. The Court is likewise unpersuaded by Defendant's argument that the photographs suffice to alleviate any wrongdoing in this situation. As Plaintiff points out in his reply brief, nothing in the record indicates that these photographs have been authenticated, and thus the Court has no way to tell who took the photographs, when the photographs were taken, whether the

---

[5] Defendant attached three photographs as an exhibit to his reply brief supporting his summary judgment motion. (ECF No. 27-2). The pictures depict an upright section of barbed-wire fence connected to a metal post, with what appears to be some sort of netting at the bottom of the fence.

photographs are of Defendant's original fence at the time of the accident, or if the section of the fence featured in the photographs is the same section that was knocked down by the cow.

The Court finds that Plaintiff has been prejudiced by Defendant's removal and disposal of the fence. As discussed above, Plaintiff's negligence claim against Defendant is centered around the fence, and Plaintiff is unable to inspect and evaluate the fence, obtain expert opinions regarding the fence's condition at the time of the accident, or cross-examine Defendant regarding the fence. The photographs produced by Defendant do not convey the same information that could have been obtained from examination of the actual fence-at-issue. Accordingly, the Court finds that Plaintiff has demonstrated prejudice resulting from Defendant's removal of the fence.

### 3. Appropriate Sanction

As discussed above, the Court finds that Defendant intentionally destroyed relevant evidence in accordance with a desire to suppress the truth, and that Plaintiff was prejudiced as a result. The Court must now determine the appropriate spoliation sanction under the circumstances of this case. Plaintiff asks the Court to enter dispositive sanctions against Defendant. In the alternative, Plaintiff asks the Court to: (1) strike Defendant's summary judgment evidence regarding the pre-accident condition of the fence or any assertion as to the quality, condition, or maintenance of the fence and posts; (2) forbid Defendant from presenting any evidence to the fact finder regarding the pre-accident condition of the fence, that the fence was reasonably maintained, inspected, and repaired; or that the condition of the fence was not the proximate cause of the cow's breach of the fence; (3) instruct the jury that it may infer that the destroyed fence was unfavorable to Defendant and favorable to Plaintiff; and (4) allow Plaintiff's counsel to refer to and discuss Defendant's destruction of the fence at trial.

In choosing between available sanctions, the Court "is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction

under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). A sanction should be sufficient to remedy the prejudice caused to the moving party, *i.e.*, to restore "the lack of integrity in the case being presented to the jury." *Id.* It should also serve "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The Court finds that dispositive sanctions would not be appropriate, as dismissal of the case and entry of judgment in Plaintiff's favor would be more severe than necessary to level the playing field. The Court finds that the most appropriate sanction is for the Court to allow Plaintiff's counsel at trial to discuss Defendant's removal of the section of the fence at issue and his failure to preserve said evidence. The Court will also instruct the jury that it may infer that the disposed-of section of fence at issue would have been favorable to Plaintiff and unfavorable to Defendant. Defendant will, of course, be permitted to present a reasonable rebuttal to the inference. *See Stevenson*, 354 F.3d at 750 ("A permissive inference is subject to a reasonable rebuttal. . . . Absent this opportunity, the jury is deprived of sufficient information on which to base a rational decision of whether to apply the adverse inference, and an otherwise permissive inference easily becomes an irrebuttable presumption.").

**B. Motion in Limine**

In his motion in limine, Plaintiff asks the Court to allow him to present evidence at trial regarding Defendant's immediate post-accident repairs to the fence and his subsequent total removal and replacement of the fence. Plaintiff argues that he seeks to offer Defendant's testimony regarding the immediate repairs to the fence to "corroborate the pre-condition state of the fence as having rusty and weak strands of barbed wire susceptible of breaking and weakened wooden posts susceptible to being pushed over." (ECF No. 23). Plaintiff also argues that Defendant's immediate repairs corroborate the proximate causation of Defendant's negligence in failing to maintain or

9

replace the fence components. Plaintiff argues further that he seeks to offer evidence of the total replacement of the fence for impeachment purposes and to attack Defendant's credibility.[6]

Defendant argues in response that his immediate post-accident repairs to the fence are an inadmissible subsequent remedial measure. Defendant argues further that no exceptions apply in this case to allow admission of such evidence.

A subsequent remedial measure is a measure "that would have made an earlier injury or harm less likely to occur." Fed. R. Evid. 407. Rule 407 "requires exclusion of evidence of subsequent remedial measures . . . when it is offered as proof of negligence or culpable conduct." *Jaeger v. Henningson, Durham & Richardson, Inc.*, 714 F.2d 773, 776 (8th Cir. 1983). This rule furthers the social policy of encouraging "tortfeasors to undertake corrective measures on potentially dangerous conditions without fear that subsequent remedial actions will be used as evidence that the tortfeasors' prior actions were negligent." *Kociemba v. G.D. Searle & Co.*, 683 F. Supp. 1579, 1580-81 (D. Minn. 1988). Rule 407 "permits such evidence, however, for other purposes, including ownership or control, existence of duty, feasibility of precautionary measures, if controverted, and impeachment." *Jaeger*, 714 F.2d at 776. "Exceptions to the rule are to be narrowly read in order to preserve the important policy of encouraging subsequent remedial measures." *Williams v. Sec. Nat'l. Bank of Sioux City, Iowa*, 358 F. Supp. 2d 782, 794 (N.D. Iowa 2005) (alteration in original) (internal quotation marks removed).

The Court finds that Defendant's immediate post-accident repairs to the fence are a subsequent remedial measure, as they were undertaken to make an earlier harm less likely to occur. The Court agrees with Defendant that evidence of his immediate post-accident repairs to the fence is inadmissible to show negligence under the subsequent-remedial-measure rule. Plaintiff does

---

[6] The Court will not address this portion of the motion in limine because it has already held in this Order that Plaintiff's counsel at trial may discuss Defendant's removal of the section of the fence at issue and his failure to preserve that evidence.

not cite to any binding authority authorizing the admission of a subsequent remedial measure in circumstances similar to this case, and the Court is unaware of any. Thus, the Court is not convinced that Defendant's testimony regarding his immediate post-accident repairs falls within an exception to the rule against the admission of subsequent remedial measures. Accordingly, the Court finds that Plaintiff's motion should be denied to the extent that it seeks admission of Defendant's testimony regarding his immediate post-accident repairs to the fence.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's motion (ECF No. 22) should be and hereby is **GRANTED IN PART AND DENIED IN PART**.  The Court will allow Plaintiff's counsel at trial to discuss Defendant's removal of the original fence bordering his land and his failure to preserve the relevant section of the fence at issue.  The Court will also instruct the jury that it may infer that the disposed-of section of fence would have been favorable to Plaintiff and unfavorable to Defendant.  Defendant will receive the opportunity to present a reasonable rebuttal to the inference.  Plaintiff may not offer Defendant's testimony related to the immediate post-accident repairs to the fence.

**IT IS SO ORDERED**, this 20th day of October, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge