IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAY RAGAN                                                                                                   PLAINTIFF

v.                                              Case No. 4:16-cv-4097

CLIFTON STAFFORD                                                                                DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Clifton Stafford's Motion for Summary Judgment. (ECF No. 16). Plaintiff Jay Ragan filed a response. (ECF No. 19). Defendant filed a reply. (ECF No. 27). Plaintiff filed a sur-reply. (ECF No. 30). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On the morning of April 22, 2016, Plaintiff's vehicle struck a black cow in the roadway on Arkansas Highway 24, between DeQueen, Arkansas, and Horatio, Arkansas. It is undisputed that the cow belonged to Defendant and was pastured and fenced with other cattle on Defendant's nearby land. The cow escaped the pasture after breaking the top strand of a barbed-wire fence and pushing over a four-foot section of the fence. Following the accident, Plaintiff traveled by ambulance to the DeQueen Regional Medical Center. Soon after, Defendant repaired the broken section of fence by fixing and tightening the broken barbed-wire strand, putting in two new posts, and pulling up the rest of the knocked-over section of fence.

On October 14, 2016, Plaintiff filed this lawsuit, alleging that he suffered personal injury and damages as a result of, *inter alia*, Defendant's negligent failure to have, maintain, inspect, and repair safe fencing in order to keep his cattle enclosed and off the nearby state highway. On October 25, 2016, Defendant filed an answer to the complaint. In November 2016, Defendant used a backhoe to remove the entire fence around his land and replaced it with a new fence.

Defendant discarded the original, removed fence.

On February 22, 2017, the parties filed their joint Rule 26(f) report, which contained no reference to Defendant removing the original fence. On July 6, 2017, Defendant answered certain interrogatories inquiring about repairs and replacements to the fence by stating that he decided to replace the fence because it was "older." (ECF No. 21-3). On July 19, 2017, Defendant testified in his deposition that he took the old fence down and built a new fence on his land.

On August 9, 2017, Defendant filed a motion for summary judgment, arguing that the Court should grant summary judgment in his favor because Plaintiff has not presented any evidence that Defendant breached any duty of care with respect to the kind and quality of fence enclosing Defendant's property. On August 23, 2017, Plaintiff filed a motion for sanctions, arguing that Defendant committed spoliation of evidence by removing and disposing of the fence at issue. On October 20, 2017, the Court granted in part and denied in part Plaintiff's motion for sanctions and held in part that it would instruct the jury that it may find that the disposed-of section of fence at issue was favorable to Plaintiff and unfavorable to Defendant.

## II. STANDARD

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is

genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256.

### III. DISCUSSION

Defendant argues that the Court should grant summary judgment in his favor because Plaintiff has not and cannot offer evidence that Defendant "breached a duty with respect to the kind and quality of the fence enclosing the cow, or that any act or omission by [Defendant] proximately caused the cow to escape the enclosure." (ECF No. 17). Defendant argues that the fact that the cow was on the highway does not establish liability, and that Plaintiff must put forth evidence of negligence. Defendant argues further that Plaintiff's deposition testimony shows that Plaintiff had no personal knowledge as to whether the condition of the fence allowed the cow to escape. Defendant concludes that, because Plaintiff failed to present evidence as to negligence and causation, there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

3

Plaintiff responds that he has presented sufficient evidence to create a genuine issue of material fact. Specifically, Plaintiff states that the evidence in this case shows that Defendant was aware that the fence was over fifty years old, that it was not made of new materials, and that he had knowledge of the disrepair and failure of the fence because he had already repaired certain sections of the fence in the months prior to the accident.

The Court finds that a genuine issue of material fact exists in this case. In the Court's order granting in part and denying in part Plaintiff's motion for sanctions, the Court found that Defendant committed spoliation of evidence when he removed and discarded the relevant section of the fence after the commencement of litigation and prior to the initiation of discovery in this matter. The Court also stated that, subject to a reasonable rebuttal by Defendant, the Court would instruct the jury that it may find that the disposed-of section of fence at issue was favorable to Plaintiff and unfavorable to Defendant. In light of this adverse instruction, the Court finds that a genuine factual issue exists as to the condition of the fence. This issue of fact can be resolved only by a finder of fact because it reasonably may be resolved in favor of either party.

Accordingly, the Court finds that a genuine issue of material fact exists and that Defendant is not entitled to judgment as a matter of law. As such, Defendant's motion should be denied.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 16) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 20th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge